UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

AKIM BARKER,

                                                   Plaintiff,        **AMENDED COMPLAINT**

                  -against-                              13 CV 1734 (JBW) (CLP)

THE CITY OF NEW YORK, P.O. WILSON CARO, P.O.      **JURY TRIAL DEMANDED**
ORSY QUEZADA, SGT. WINSTON WILABUS, P.O.
MARK PIHLAVA, and P.O.s JOHN and JANE DOE #1-
10, individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                               Defendants.

------------------------------------------------------------------------X

       Plaintiff AKIM BARKER, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is founded upon 28 U.S.C. § § 1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff AKIM BARKER is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. WILSON CARO, P.O. ORSY QUEZADA, SGT. WINSTON WILABUS, P.O. MARK PIHLAVA, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## INCIDENT FACTS

13. On January 25, 2011, at approximately 2:00 a.m., plaintiff AKIM BARKER was lawfully present in the vicinity of Avenue J and E. 15th Street, in the County of Kings, City and State of New York.

14. At aforesaid time and place, plaintiff AKIM BARKER was walking to the subway from a friend's house.

15. Plaintiff AKIM BARKER was not behaving in a manner that would lead any reasonable police officer to suspect him of criminal activity.

16. Nonetheless, at aforesaid time and place, plaintiff AKIM BARKER was suddenly accosted by currently unidentified members of the New York City Police Department.

17. Defendants handcuffed plaintiff AKIM BARKER more tightly and violently than is authorized or required by proper NYPD procedure.

18. Plaintiff AKIM BARKER repeatedly advised defendants that the handcuffs were too tight and were causing him pain.

19. Defendants refused to remove or adjust the handcuffs.

20. As a result of being handcuffed too tightly and violently, plaintiff AKIM BARKER sustained abrasions and contusions to his wrists that lasted for approximately three days.

21. Defendants placed plaintiff AKIM BARKER under arrest despite defendants' knowledge that they lacked probable cause to do so.

22. Defendants transported plaintiff AKIM BARKER to the 70th Precinct of the New York City Police Department in Brooklyn, New York, and from there to Brooklyn Central Booking.

23. Defendants initiated criminal proceedings against plaintiff AKIM BARKER despite defendants' knowledge that they lacked probable cause to do so.

24. During the period between January 25, 2011 and June 29, 2012, plaintiff AKIM BARKER was required to make approximately thirteen court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

25. On or about June 29, 2012, all charges against plaintiff AKIM BARKER were dismissed.

26. As a result of the foregoing, plaintiff AKIM BARKER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## MONELL FACTS

27. Both before and after the arrest of plaintiff AKIM BARKER, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

28. The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders

are permitted to set "productivity goals"; from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews; from audiotapes secretly recorded at the 81st Precinct in September 2010; and from sworn testimony by NYPD officers during the 2013 trial of *Floyd v. City of New York*, No. 08 Civ. 1034, in the Southern District of New York.

29. Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff AKIM BARKER without probable cause.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff AKIM BARKER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff AKIM BARKER was subjected to illegal, improper and false arrests by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff AKIM BARKER's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Each and every individual defendant had an affirmative duty to intervene on plaintiff AKIM BARKER's behalf to prevent the violation of his constitutional rights.

41. The individual defendants failed to intervene on plaintiff AKIM BARKER's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

42. As a result of the aforementioned conduct of the individual defendants, plaintiff AKIM BARKER's constitutional rights were violated and he was subjected to excessive force, false arrest, and malicious prosecution.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff AKIM BARKER.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff AKIM BARKER.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff AKIM BARKER.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff AKIM BARKER.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff AKIM BARKER.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff AKIM BARKER.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff AKIM BARKER's favor on June 29, 2012, when all charges against him were dismissed.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants issued legal process to place plaintiff AKIM BARKER under arrest.

57. Defendants arrested plaintiff AKIM BARKER in order to obtain a collateral objective outside the legitimate ends of the legal process.

58. Defendants acted with intent to do harm to plaintiff AKIM BARKER without excuse or justification.

### SIXTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff AKIM BARKER's constitutional rights.

61. As a result of the aforementioned conduct of defendants, plaintiff AKIM BARKER was subjected to excessive force and sustained physical injuries.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants created false evidence against plaintiff AKIM BARKER.

64. Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

65. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

66. In creating and forwarding false information to prosecutors, defendants violated plaintiff AKIM BARKER's constitutional right to a fair trial under the Sixth Amendment and under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants arrested and incarcerated plaintiff AKIM BARKER in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

69. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

70. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff AKIM BARKER.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff AKIM BARKER as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff AKIM BARKER as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff AKIM BARKER was falsely arrested and incarcerated, and maliciously prosecuted.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff AKIM BARKER.

77. Defendants, collectively and individually, while acting under color of state law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff AKIM BARKER's constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff AKIM BARKER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. To be free from malicious abuse of process;

    F. Not to have cruel and unusual punishment imposed upon him; and

    G. To receive equal protection under the law.

79. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff AKIM BARKER demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
             December 20, 2013

                                                                            _____/s_____
                                                                            ROSE M. WEBER (RW 0515)
                                                                            225 Broadway, Suite 1607
                                                                            New York, NY 10007
                                                                            (212) 748-3355